**IT IS ORDERED**

**Date Entered on Docket: June 1, 2018**

_____
**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

ALFREDO ROBERTO GARCIA          Case No. 13-17-11712-JR
CARA MAE GARCIA

        Debtors.

**DEFAULT ORDER GRANTING HARLEY-DAVIDSON CREDIT CORP. RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY DESCRIBED AS A 2009 HARLEY-DAVIDSON FXD DYNA SUPER GLIDE, VIN: 1HD1GM4199K323506**

    This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to Harley-Davidson Credit Corp., filed on April 17, 2018, (DOC 51) (the "Motion") by Harley-Davidson Credit Corp. ("Harley"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

    (a)    On April 17, 2018, Harley served the Motion and a notice of the Motion (the "Notice") on Elizabeth Leigh Hightower, Attorney for Debtors and Tiffany M. Cornejo, Trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor(s) Alfredo Roberto Garcia, Cara Mae Garcia, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b)     The Motion relates to the property described as a 2009 Harley-Davidson FXD DYNA Super Glide, VIN: 1HD1GM4199K323506

(c)     The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

(d)     The Notice was sufficient in form and content;

(e)     The objection deadline expired on May 14, 2018;

(f)     As of May 25, 2018, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g)     The Motion is well taken and should be granted as provided herein; and

(h)     By submitting this Order to the Court for entry, the undersigned counsel for Harley certifies under penalty of perjury that, on the date this Order was presented Rose L. Brand & Associates, P.C. searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1.     Pursuant to 11 U.S.C. §362(d), Harley and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a)     To enforce its rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtors are parties, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtors or the Property, or both, in any court of competent jurisdiction; and

(b)     To exercise any other right or remedy available to it under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Harley need not name the Trustee as a defendant in any state court action it may pursue to recover the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtors, in the event that a discharge order is entered. The Debtors can be named as defendants in litigation to obtain judgment or to repossess the Property in accordance with applicable non-bankruptcy law, pursuant to any discharge order entered.

4. This Order does not waive Harley's claim against the estate for any deficiency owed by the Debtors after any foreclosure sale or other disposition of the Property. Harley may filed an amended proof of claim this bankruptcy case within thirty (30) days after sale of the Property, should it claim that Debtors owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

7. Harley is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtors and to enter into a loan modification with the Debtors.

XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By: */s/Andrew P. Yarrington*
ANDREW YARRINGTON
Attorney for Harley
7430 Washington NE
Albuquerque, NM 87109
Telephone: (505) 833-3036
Andrew.Yarrington@roselbrand.com


Copied to:

Alfredo Roberto Garcia
Cara Mae Garcia
1503 Laura
Artesia, NM 88210

Elizabeth Leigh Hightower
Attorney for Debtors
PO Box 550
Roswell, NM 88202

Tiffany M. Cornejo
Chapter 13 Trustee
625 Silver Avenue SW Suite 350
Albuquerque, NM 87102-3111
Telephone: 505-243-1335